

**FILED**
**FEBRUARY 23, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY DALE JENKINS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-360 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner JERRY DALE JENKINS has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 100th District Court of Hall County, Texas for the offense of possession of a controlled substance with intent to deliver. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
FACTUAL AND PROCEDURAL BACKGROUND

The state appellate court correctly set forth the factual background of the case as follows:

> Memphis Police Chief Gary Gunn found Caesar Samaniego in possession of stolen tools and, in exchange for leniency with respect to that crime, arranged for Samaniego to purchase cocaine from [Jenkins]. The next day, Gunn met Samaniego, searched him and his vehicle, gave him two [twenty-dollar] bills that had been photocopied, followed him to [Jenkins's] house, and watched Samaniego enter and exit the house and drive away. Thereafter, Gunn followed Samaniego to a

predetermined location and received two rocks of cocaine from him.

Gunn then signed an affidavit in support of a warrant to search [Jenkins's] residence for "methamphetamines and other narcotics." The affidavit also described the drug transaction alluded to in the preceding paragraph and Samaniego's ability to recognize "methamphetamine" because he had used it before.

The search warrant was issued based upon the affidavit of Gunn and executed. When the latter occurred, [Jenkins] was found in the residence along with two young women. So too was a plastic bag with crack cocaine found floating in the toilet. Further inspection of the toilet revealed that it was not bolted to the floor. Thus, it was removed from its location, and this resulted in the discovery of a bag of cocaine in the underlying pipe.

*Jenkins v. State*, No. 07-03-0458-CR, 2005 WL 419294, at *1 (Tex. App.—Amarillo Feb. 22, 2005, pet. ref'd). The state appellate court affirmed the judgment of conviction, and petitioner's petition for discretionary review was refused. In December 2006, petitioner's state application for habeas corpus relief was denied without written order. This federal habeas corpus application followed.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's due process, equal protection, and double jeopardy rights were violated by prosecutorial and judicial overreaching in goading petitioner into requesting a mistrial.

2. Petitioner's due process and equal protection rights were violated by the trial court's refusal to grant his motion to suppress.

3. Petitioner's due process and equal protection rights were violated by the State's use of a compensated informant.

## III.
## STANDARD OF REVIEW

Petitioner may not obtain habeas corpus relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to clearly established federal constitutional law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). All factual determinations made by a state court are presumed to be correct and such presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e).

Here, the state court heard and adjudicated, on the merits, the claims petitioner presents to this Court. The Texas Court of Criminals Appeals denied petitioner's application for state habeas relief without a written order. A denial without written order is an adjudication on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir. 2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Petitioner's burden is significantly heightened in that petitioner cannot prevail even if it is shown that the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied Neal v. Epps*, 123 S. Ct. 963, 154 L. Ed. 2d 772 (2003). Petitioner has failed to meet this burden. Rather than advancing any argument against the state court denial of relief and/or explaining why the state court's determination was incorrect, petitioner merely restates the points of error he presented to the state court. As detailed below, even if petitioner had correctly claimed unreasonableness or constitutional error by the state court, there is nothing in the record to support such a contention. Review of petitioner's claims confirms this federal petition should be denied.

IV.
REVIEW OF PETITIONER'S ALLEGATIONS

*A. Mistrial Request*

Petitioner first contends his due process, equal protection, and double jeopardy rights were violated by prosecutorial and judicial overreaching in "goading" petitioner into requesting a mistrial.[1] Only where governmental conduct "is intended to 'goad' the defendant into moving for a mistrial may a defendant may raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S. Ct. 2083, 2089, 72 L. Ed. 2d 416 (1982). Otherwise, "a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." *United States v. Botello*, 991 F.2d 189, 192 (5th Cir. 1992). Governmental conduct that is harassing, overreaching, or even intentional and highly prejudicial to the defendant is insufficient to bar retrial. *Kennedy*, 456 U.S. at 675, 102 S. Ct. at 2089; *United States v. Wharton*, 320 F.3d 526, 532 (5th Cir. 2003) (quoting *United States v. Singleterry*, 683 F.2d 122, 123, n.1 (5th Cir. 1982)).

Retrial is barred only where the State acted with the intent to provoke a motion for a mistrial. *Kennedy*, 456 U.S. at 674, 675, 102 S. Ct. at 2088-89. The defendant's mere allegation of the prosecutor's intent is insufficient to support the application of this narrow double jeopardy exception, rather, there must be record evidence of the prosecution's behavior. *See Ex parte Masonheimer*, 220 S.W.3d 494, 507-08 (Tex. Crim. App. 2007) (holding a defendant's motion for mistrial was necessitated based on evidence in the record of the State's intentional failure to

---

[1] Although petitioner contends his equal protection rights were violated in all three points of error, he never raises any argument indicating a possible equal protection violation. The Court therefore only addresses petitioner's due process and double jeopardy claims.

disclose exculpatory evidence that was available prior to the trial with the specific intent to avoid the possibility of an acquittal).

In this case, a jury was empaneled and sworn on the original trial date, and the trial was to begin the following day. (Reporter's Record [hereinafter RR] vol. 5). On the morning of the following day, before trial commenced, the prosecutor gave the defense a newly discovered second page to the inventory of items found in petitioner's house upon execution of the search warrant. (RR vol. 6, pg. 5). This second page revealed the police discovered one of the two twenty-dollar bills they had given to the informant. (RR vol. 6, pg. 7). The prosecutor stated he did not know there was a second page to the inventory until that morning, and he gave it to the defense immediately after he discovered it. (RR vol. 6, pg. 5).

Defense requested the trial court suppress the evidence. (RR vol. 6, pg. 13). The prosecution opposed the motion, relying on case law that an inventory filed on the day of trial is admissible and upon the fact that the offense report stated the police recovered the bill and the bill was available to the defense attorney for viewing, putting defense on notice of its existence and discovery in petitioner's house. (RR vol. 6, pg. 11). The court suppressed the second page of the inventory. (RR vol. 6, pgs. 5-7, 16). The defense then moved for mistrial, which the court granted. (RR vol. 6, pg. 23). The prosecution opposed the request for a mistrial but did not oppose a continuance. (RR vol. 6, pg. 19).

Nothing in the record indicates the judge or the prosecutor acted intentionally in any way to provoke petitioner's motion. In fact, other than his bare allegations, petitioner fails to make any argument as to how, exactly, there was any judicial overreaching. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (a petitioner cannot state a valid habeas corpus claim upon nothing more

than his bare assertions). Further, there is nothing in the record indicating the State intentionally withheld the second page of the inventory, and there is certainly nothing indicating such was done for any tactical reason or to provoke a motion for a mistrial. To the contrary, the record shows the State opposed the motion for a mistrial. (RR vol. 6, pg. 19). Petitioner fails to present facts which would fall within the narrow category permitting a double jeopardy claim after a motion for mistrial. *See Kennedy*, 456 U.S. at 676, 102 S. Ct. at 2089.

In his response to the respondent's answer, petitioner contends the State had a weak case against him and therefore had an interest in petitioner requesting a mistrial. ("Petitioner's Traverse to Respondent Quarterman's Answer," pg. 3). Petitioner fails to argue how the State benefitted from the delay in the proceedings. Any purported "weaknesses" in the State's case would also be present at the second trial. In fact, the presentation of the trial on the merits *had not even begun* when defendant requested a mistrial. This is not a case where the trial was proceeding adversely to the prosecution, and it is difficult to conclude the prosecution was concerned with the how its case was going if the trial had not yet begun. Finally, the piece of newly discovered evidence upon which defendant based his motion for mistrial, which was page two of the police search inventory showing the recovery of a photocopied bill, was only a small part of the strong evidence demonstrating petitioner's guilt. Petitioner's first point is without merit.

### B. *Motion to Suppress*

In his second point of error, petitioner contends his due process and equal protection rights were violated by the trial court's denial of his motion to suppress. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482, 96 S. Ct. 3037, 3046, 49 L. Ed. 2d 1067 (1976).

In this case, petitioner had ample opportunity to present his Fourth Amendment claims to the state courts. The trial court held three hearings on the motion to suppress and the state appellate court thoroughly discussed the issue. Petitioner does not contend Texas procedure precluded a full and fair opportunity to litigate the claim. Therefore, all of petitioner's claims regarding the validity of the search warrant affidavit, its alleged noncompliance with the Texas Code of Criminal Procedure, and the inaccurate statement in the affidavit that the search was for methamphetamine when it was in fact for cocaine, are barred from federal review. *See Stone*, 428 U.S. at 482, 96 S. Ct. at 3046.

In his response to the respondent's answer, petitioner contends *Stone* is no longer applicable after the passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). ("Petitioner's Traverse to Respondent Quarterman's Answer," pg. 5). Petitioner is incorrect. The AEDPA legislation did not affect the binding precedent of *Stone*, as evidenced by the Fifth Circuit's continued reliance upon the case after the passage of the AEDPA. *See ShisInday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006), *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005). Petitioner's second point is without merit.

### C. Use of Compensated Informant

In his third point of error, petitioner contends his due process and equal protection rights were violated by the State's use of a compensated informant. Absent additional facts not pertinent to the instant case, no constitutional right is violated when a compensated informant testifies against a defendant. *See United States v. Cervantes-Pacheco*, 826 F.2d 310, 315 (5th Cir. 1987). The Fifth

Circuit has refused to adopt "a per se rule that disqualifies a compensated informer from testifying as a witness." *Id.* As long as the jury is put on notice of the informant-witness's compensation, it is free to evaluate the witness's credibility as it sees fit, just as it does of any other witness. *Id.*

In this case, the informant testified about his arrangement with the police, *i.e.*, that they had caught him with stolen tools, he was already on probation and could have gone to jail, and the police said they would "help him" with his probation violation if he agreed to buy drugs from petitioner. (RR vol. 6, pg. 137). Petitioner did not cross examine the informant. Further, petitioner was not prosecuted for selling cocaine, about which the informant testified. He was prosecuted for possessing cocaine with the intent to distribute, based upon the large amount of cocaine in his house.

Initially, all of petitioner's arguments against the informant relate to the informant's ability to provide reliable grounds for the search warrant affidavit. Specifically, petitioner complains the informant was an unproven, first-time informant, who was an accessory to the cocaine sale, and whose version of the events was not corroborated. All of these arguments relate to the informant's reliability regarding the search warrant affidavit. The reliability of the search warrant affidavit is a Fourth Amendment claim, which, as discussed in section B above, is not cognizable on federal habeas corpus review. *See Stone*, 428 U.S. at 482, 96 S. Ct. at 3046.

Moreover, there was adequate evidence corroborating the informant's version of events. The State presented, *inter alia,* a police officer who searched the informant's vehicle, gave him two photocopied twenty-dollar bills, watched as he went into and left from petitioner's house, searched the informant's vehicle (which never left the officer's sight) immediately afterward, and discovered two rocks of crack-cocaine in place of the money. (RR vol. 8, pgs.31, 33, 43-44). Another police officer testified that, upon searching petitioner's residence, the police discovered several rocks of

crack cocaine. (RR vol. 8, pg. 179). The informant testified petitioner sold him crack cocaine immediately before the search was conducted. (RR vol. 8, pg. 138). Petitioner offered no witnesses, nor did he offer any alternate theory for his defense. Petitioner's third point is without merit.

## V.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JERRY DALE JENKINS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on**

**or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).